**688**

Juanita ARROYO, Plaintiff–Appellant,

v.

John ADDISON; et al., Defendants–
Appellees.

No. 03–15167.

D.C. No. CV–01–00529–HDM.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 19, 2003.

Juanita Arroyo, Reno, NV, pro se.

Gregory Addington, US Attorney's Office, Reno, NV, for Defendants–Appellees.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM**

Juanita Arroyo appeals pro se the district court's summary judgment and order dismissing ten defendants in her civil rights action, which alleged discrimination and violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Scamihorn v. Gen. Truck Drivers*, 282 F.3d 1078, 1081 (9th Cir.2002), and we affirm.

The district court properly granted summary judgment on Arroyo's discrimination claims because she failed to provide evidence in opposition to summary judgment to support her allegations. *See Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir.1990) (requiring some evidence establishing each element of a claim on which plaintiff would bear the burden of proof at trial).

The district court properly granted summary judgment on Arroyo's FMLA claims because she failed to provide evidence that the two oldest claims were not time-barred and that she had worked sufficient hours in the previous twelve months to qualify for FMLA leave for her remaining claims. *See* 29 U.S.C. § 2617(c); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1119 n. 2 (9th Cir.2001).

The district court did not err by granting ten defendants' motion to dismiss based on failure to serve process. *See* Fed.R.Civ.P. 12(b)(4).

Arroyo's remaining contentions lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.